Panagiotis VLASTOS, Master and Claimant of the S.S. CAPETAN DIMITRIS, for Cia. de Vapores Lounidi, Ltda., Appellant,

v.

KOCH–ELLIS MARINE CONTRACTORS, INC., Owner of the TUG PERRY N., etc., and Pan-Am Southern Corporation, Appellees.

No. 19024.

United States Court of Appeals
Fifth Circuit.
April 25, 1962.

Walter Carroll, Jr., Benjamin W. Yancey, New Orleans, La. (Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., of counsel), for Appellant, Claimant of the SS Capetan Dimitris.

Joaquin Campoy, Deutsch, Kerrigan & Stiles, New Orleans, La., for Pan-Am Southern Corp.

Joseph V. Ferguson, II, Cobb & Wright, New Orleans, La., for appellee, Koch-Ellis Marine Contractors, Inc.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

PER CURIAM.

This case involves a collision between the tug Perry N, pushing a tow of three barges in tandem, and the steamship Capetan Dimitris on the Mississippi River below New Orleans. The Perry N was upbound. The Capetan Dimitris was bound down river. At this point on the river there is a judicially recognized custom that upbound vessels come up under the points and downbound vessels run the bends. The Albert Dumois, 177 U.S. 240, 20 S.A. 595, 44 L.Ed. 751; Mississippi Valley Barge Line Co. v. Esso Shipping Co., 5 Cir., 240 F.2d 606; Crowell & Thurlow S. S. Co. v. Texas Co., 5 Cir., 27 F.2d 208.

The Mississippi River pilot in charge of the Capetan Dimitris is dead, her captain lives in Greece and no other members of her crew were present to testify; but evidence of her pilot and the master as taken before the Coast Guard was of-

fered by appellant. Objection was made to this evidence and the trial court found it unnecessary to rule on its admissibility, because, considering the record with or without the proffered evidence, the Capetan Dimitris was found wholly at fault.

■ Appellant claims error for failure to admit the evidence as taken before the Coast Guard; error in the trial court's findings from the evidence that the Capetan Dimitris was wholly at fault; and contends that the Perry N was at fault because of: (a) incompetency of her navigator; (b) failure to have a lookout; (c) failure to timely stop and reverse; and (d) attempting to effect a starboard to starboard passing. Appellant urges the conclusion that the version of the collision as given by the Capetan Dimitris should be chosen as correct; and that if such version is rejected, the other evidence clearly establishes that the Perry N was guilty of serious faults which materially and substantially contributed to the collision.

We can not agree with the contentions of the appellant. The trial court found as a fact, in view of all the evidence, that the evidence taken before the Coast Guard would not change the fact conclusions reached. Further, the trial court held that the accounts of the collision as given by each crew are irreconcilable, and held as a fact that the version given on behalf of the Capetan Dimitris " * * * is interesting but incredible".

The charges of fault on the part of the Perry N were rejected as not proved or as unrelated to the collision. This too, is a finding of fact.

■ We can not agree with the conclusions urged by appellant. In effect the appellant would have us conclude that the version of the collision as given by the tug witnesses establishes that the tug was guilty of faults which substantially and materially contributed to the collision as a matter of law. We can not so hold.

The findings of the trial court touching all issues involved were supported by substantial evidence, and we do not find such findings to be clearly erroneous.

The judgment is

Affirmed.